## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 621-0003 |
| | ) | CR: 621-0007 |
| JASIRI HUTCHISON | ) | |
| | ) | |

### PLEA AGREEMENT

Defendant ~~Jasiri Hutchison~~, ~~represented by his counsel~~ A.J. Balbo, and the United States of America, represented by Assistant United States Attorney Tara M. Lyons, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.   Guilty Plea

a.   Southern District of Georgia Case No: 6:21-cr-0003: Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2251(a), Production of Child Pornography.

b.   Middle District of Georgia Case No: 4:21-cr-00003: Defendant agrees to enter a plea of guilty to Count One of the Indictment in case number 4:21-CR-00003, Middle District of Georgia, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography.   **(SDGA CASE NO. CR: 621-0007)**

Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, defendant consents to the transfer of case number 4:21-cr-00003 to the United States District Court for the Southern District of Georgia. Defendant further agrees to waive his

right to be tried in the Southern District of Georgia on the charge referenced in case number 4:21-CR-00003. The USAO hereby approves transfer of this case to the Southern District of Georgia. (SDGA CASE NO. CR: 621-0007)

2.    Elements and Factual Basis

a.    The elements necessary to prove the offense charged in Count One are (1) an actual minor, that is, a real person who was less than 18 years old, was depicted; (2) the Defendant employed, used, persuaded, induced, enticed, and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and (3) the visual depiction was mailed or actually transported in interstate or foreign commerce.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements, that beginning at a time unknown to the Grand Jury but at least on or about April 8, 2019, while located in Bulloch and Liberty Counties, within the Southern District of Georgia, the Defendant, **JASIRI HUTCHISON**, knowingly employed, used, persuaded, induced, enticed, and coerced minor victim one,  who was ten years of age and living outside of the Southern District of Georgia, to engage in sexually explicit conduct for the purpose of producing videos and images of minor victim one.  Minor victim one then sent the video and images to **HUTCHISON** via an internet-based application called LIKE.  The images of child pornography were produced using and shipped via minor victim's cellular telephone.  All done in violation of Title 18, United

2

Defendant's initials _JH_

States Code, Section 2251(a). Defendant agrees the government would have proven the foregoing facts beyond a reasonable doubt at any trial on the merits.

b.  The elements necessary to prove the offense charged in Count One are (1) that Defendant (1) Defendant knowingly possessed an item(s) of child pornography as defined in 18 U.S.C. Section 2256(8); (2) that such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and (3) the Defendant knew the item(s) contained child pornography at the time of possession.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements, that on or about December 16, 2020, while in the Columbus Division of the Middle District of Georgia, the Defendant, **JASIRI HUTCHISON**, did knowingly possess images of child pornography, as defined in Title 18, United States Code, § 2256(8), in excess of 600 images, that involved a minor, including a prepubescent minor or a minor who had not attained 12 years of age, and the images were mailed, shipped, and transported using a means or facility of interstate or foreign commerce to wit, **HUTCHISON's** cellular telephone; all in violation of Title 18, United States Code, §§ 2252A(a)(5)(B) and 2252A(b)(2). Defendant agrees the government would have proven the foregoing facts beyond a reasonable doubt at any trial on the merits.

3.    Possible Sentence

Defendant's initials  JH

a.    Count one, Southern District of Georgia Case No: 6:21-cr-0003: Defendant understands that the crime to which he is pleading guilty subjects him to the following maximum possible sentence: A term of imprisonment of not more than 30 years, a supervised release term of five years to life, a $250,000.00 fine, a mandatory $100.00 special assessment pursuant to 18 U.S.C. § 3013, a $5,000.00 special assessment pursuant to 18 U.S.C. § 3014, no more than a $50,000.00 assessment pursuant to 18 U.S.C. §2259A(a)(3), such restitution as may be ordered by the Court, forfeiture of all forfeitable assets and registration as a sex offender under the Sex Offender Registration and Notification Act. **Defendant's guilty plea will subject him to a mandatory minimum sentence of no less than 15 years.**

b.    Count One, Middle District of Georgia Case No: 4:21-cr-00003: Defendant understands that the crime to which he is pleading guilty subjects him to the following maximum possible sentence: A term of imprisonment of not more than 20 years, imprisonment, a supervised release term of five years to life, a $250,000.00 fine, a mandatory $100.00 special assessment pursuant to 18 U.S.C. § 3013, a $5,000.00 special assessment pursuant to 18 U.S.C. § 3014, no more than $17,000.00 pursuant to 18 U.S.C. §2259A, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets and registration as a sex offender under the Sex Offender Registration and Notification Act.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the

4

Defendant's initials �“JH”

government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b.    Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense

5

Defendant's initials JH

level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

7.    Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    Cooperation

a.    Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses.  Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person.  His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.    Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence.  If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be

6

Defendant's initials  JH

reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.   Forfeiture

     a.   Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 18 offense to which he has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, (collectively, the "Subject Property").

     b.   Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

     c.   Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

     d.   Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives

7

Defendant's initials ᴶＨ

any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10. Financial Obligations and Agreements

    a. Restitution

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

    b. Special Assessment

Defendant agrees to pay a special assessment in the amount of $200 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

11. Waivers

    a. Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory

8

Defendant's initials J H

maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements

9

Defendant's initials $\underline{JH}$

in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12.  Sex Offender Registration

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex offender registration requirements.  Those requirements may apply throughout his life.

13.  Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including:  the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

14.  Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

Defendant's initials  JH

15.   Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.   In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.   Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

16.   Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

5/18/21
Date

Patricia G. Rhodes
Georgia Bar  No.  307288
Deputy Chief, Criminal Division

5/17/21
Date

Tara M. Lyons
South Carolina Bar No. 16573
Assistant United States Attorney

11

Defendant's initials _JH_.

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

_5/12/2021_
Date

_Jasiri Hutchison_
Defendant, JASIRI HUTCHISON

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

_5/12/2021_
Date

_A.J. Balbo_
Defendant's Attorney, A.J. BALBO

12

Defendant's initials _JH_